ST. LOUIS & S. F. RY. CO. v. EWING.

(Court of Civil Appeals of Texas. Dallas. March 23, 1912.)

1. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT—INTEREST.

In a suit for damages and interest thereon, where the jury returns a general verdict for a specified sum, it is improper in entering judgment to add interest thereto.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. APPEAL AND ERROR (§ 1151*)—DETERMINATION—MODIFICATION.

In a suit for damages and interest thereon, where the jury returned a general verdict for a specified sum, and the court in entering judgment erroneously added interest thereto, the judgment will be reformed on appeal so as to eliminate the interest erroneously adjudged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. § 1151.*]

Appeal from Dallas County Court, at Law; W. F. Whitehurst, Judge.

Action by S. L. Ewing against the St. Louis & San Francisco Railway Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Andrews, Ball & Streetman, of Ft. Worth, and M. M. Brooks and M. B. Canon, both of Dallas, for appellant. Thomas & Rhea, of Dallas, for appellee.

TALBOT, J. This is the second appeal of this case. See 126 S. W. 625. It is a suit by appellee, S. L. Ewing, against appellant, St. Louis & San Francisco Railway Company, to recover the sum of $600, together with 6 per cent. interest from May, 1903, on account of the conversion by appellant of six Fox typewriters, appellee claiming that said typewriters were shipped to him from the Fox Typewriter Company of Detroit, Mich., and were duly transported by the connecting carriers to Kansas City, Mo., and delivered to appellant, and that appellant has failed and refused to deliver the same to appellee, and has unlawfully converted the same to appellant's own use. By its answer the appellant admitted that the typewriters had been received by it for transportation as a connecting carrier from Kansas City, Mo., but, in bar of any recovery, pleaded that said typewriters while in its possession were damaged and destroyed as the direct and proximate result of an unusual and unprecedented flood, which over-

flowed and inundated appellant's yards at Kansas City on May 31, 1903, and that the same were sold by appellant after the flood for salvage. The case was tried before the court and a jury, and the trial resulted in a verdict and judgment in favor of the appellee for the sum of $300. The verdict returned into court reads thus: "We, the jury, find for the plaintiff in the sum of $50.00 each for six typewriters. R. J. Mushaway, Foreman."

[1] The single assignment of error is as follows: "The court erred in its attempt to reform the verdict of the jury wherein it added to said verdict and included in said judgment interest at the rate of 6 per cent. per annum from July 11, 1903, to date of judgment, as is more fully set out in defendant's bill of exception No. 1." The proposition contended for is that, when in a suit for damages and interest thereon the jury returns a general verdict for a specified sum, such specified amount is to be regarded as the principal and interest which the jury deemed plaintiff entitled to recover, and it would be error for the court in entering judgment to add interest thereto. This proposition states the law correctly, as we understand it, and must be sustained. As said in Houston v. Booth et al., 107 S. W. 887: "The suit was for the recovery of damages, and the interest claimed was recoverable as damages, and not as interest eo nomine. The amount of damages to which plaintiffs were entitled was a question for the jury, and they having found only the sum of $250 this sum must be considered as including the interest claimed as damages, and no judgment could be rendered for a greater amount."

[2] The error does not, however, require a reversal of the case, but simply its reformation. It is therefore ordered that the judgment of the court below be so reformed as to eliminate therefrom the amount of the interest adjudged to appellee upon the amount found by the jury, and, as so reformed, said judgment is affirmed.