## ACME BRICK CO. v. TURPIN et al.
### (No. 10442.)

Court of Civil Appeals of Texas. Dallas.
Oct. 19, 1929.

Rehearing Denied Nov. 16, 1929.

Crane & Crane, of Dallas, for appellant.
George Sergeant, W. H. Flippen, and Hamp P. Abney, Jr., all of Dallas, for appellees.

JONES, C. J. Appellant, Acme Brick Company, instituted this suit in the county court of Dallas county at law, No. 1, against appellee Groves-Barnes Lumber Company, on a verified open account, to recover the alleged contract price of $395.25 for the purchase of 9,975 brick. The account itemized the different times, quantities, and price of each delivery of the brick. The petition alleged interest due on the account from the 1st day of January, 1926, at the rate of 6 per cent. per annum. Appellee, J. A. Turpin, was impleaded for the reason that the brick was bought for him to go into the building of a house he was constructing. The result of the trial was a judgment on a verdict of the jury in favor of appellant against Groves-Barnes Lumber Company, in the sum of $197.62, and in favor of the lumber company against Turpin for a like sum. This verdict establishes the fact of a partial failure of consideration. Neither the verdict of the jury, nor the judgment of the court, based on this verdict, allowed interest from the alleged date to the time of the trial.

The pleadings make no issue of the contract price of the brick, as alleged by appellant to be the amount of the verified account. The defenses pleaded by both appellees in their respective answers consisted of a sworn plea of failure of consideration, in that appellant warranted the brick to be of the specific quality designated in the contract of purchase, and an entire failure of the brick to measure up to the warranty.

Assignments of error raise the issues that the evidence is wholly insufficient to form a basis for the verdict returned by the jury, and that the court erred in not allowing interest at the rate of 6 per cent. per annum from January 1, 1926, to the time of trial, on the sum the jury found to be due appellant. These questions are all properly raised and have been carefully considered by the court. We conclude that the verdict of the jury is sustained by the evidence, and overrule all assignments of error on this issue.

The contention of appellant as to interest must be sustained. The court submitted the issue raised by appellees' pleas of failure of consideration as follows: "If, however, you find and believe from the evidence that the brick in question were not as represented, you will find for the plaintiff only such sum, if any, as represents the value, if any, of the bricks in question at the time of delivery."

In response to this charge, the jury returned a verdict in the following language: "We, the jury, find that the Groves-Barnes Lumber Company should pay the Acme Brick

Company fifty per cent of their bill of $395.25. or $197.62, and that Mr. J. A. Turpin should in turn pay Groves-Barnes Lumber Company a like amount."

The delivery of the brick, forming the basis of this suit, was made during the month of December, 1925. Appellant makes the contention that under article 5070, R. C. S. 1925, interest should be allowed as a matter of law. The provision of such article which applies to this case is as follows: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent. per annum shall be allowed * * * on all open accounts, from the first day of January after the same are made."

This is a suit on an open account, and interest is thus allowed thereon, as a matter of statutory law, without the necessity of a finding as to interest by the jury, unless, as claimed by appellees, in answer to this contention by appellant, the verdict of the jury, being only for one-half of the amount of the account, must be presumed to have included interest in the sum allowed by the verdict. This contention of appellees is made under a number of authorities, of which St. Louis & S. F. Railway Co. v. Ewing (Tex. Civ. App.) 145 S. W. 1028, may be taken as illustrative. However, when the verdict of the jury is read in the light of the court's charge requiring the value of the brick to be ascertained at the time of the delivery, which was in December, 1925, and the jury found such value at such time to be the sum of $197.62, it affirmatively appears, beyond dispute, that the jury did not include in the amount of the verdict interest from January 1, 1926. Interest being recoverable as a matter of statutory law, it necessarily follows that the court erred in not including interest in the judgment rendered. This error, however, does not necessitate a reversal and remanding of the case, but the judgment will be here reformed so as to include interest at the rate of 6 per cent. per annum from January 1, 1926, to June 23, 1928, the date of the rendition of the judgment.

In all other respects, the judgment is affirmed.

Reformed and affirmed.

## On Motion for Rehearing.

Appellant, in its motion for rehearing, again urges upon this court that the evidence forms no basis for the verdict of the jury, and no basis for fixing any damages whatever, and in a motion for findings of fact on this issue urges that this court should find, as a fact, that the evidence does not support the verdict. To this contention we cannot agree.

The brick was sold to appellees on a guaranty that they would hold their color, and that consequently the walls of a house built of such brick would not become mottled or discolored. The evidence shows that from one-third to one-half of the brick did not hold color, but began to discolor during the time they were being used. When this fact was called to the attention of appellant's agent, it was insisted that the brick would do as guaranteed and, under this insistence, appellees continued the use of the brick in the house.

If the brick had not been used, and it was shown that from one-third to one-half of the brick did not measure up to the guaranty, and as there was no evidence as to the value of this portion of the brick, then under such condition perhaps appellant is correct in its view that there was no basis for the finding of the jury as to the value of the discolored brick. That, however, does not present the issue as to appellees' damages in the case made, both by appellees' pleadings and the evidence. Such case is that, on the faith of appellant's guaranty, brick was bought as of a fast color, and used in the house on the faith of this guaranty. We hold the measure of damages, where the brick were all used in a house, to be the difference in the value of the entire amount of brick bought and the contract price, and this in effect is the measure of damages submitted to the jury. The undisputed evidence showing that from one-third to one-half of the brick had become discolored, and by reason thereof had marred the appearance of the house, is sufficient to give to the jury a basis for the verdict returned. This verdict is that the brick as furnished appellees was worth 50 per cent. of the costs of the brick if they had measured up to the guaranty. In other words, the jury concluded that the brick used in a house, and in which from one-half to two-thirds of such brick measured up to the guaranty, was worth only one-half as much as brick measuring up to the guaranteed quality purchased.

The motions for rehearing and for other findings of fact are overruled.