### CARROLL et al. v. SARTAIN.

### No. 11201.

Court of Civil Appeals of Texas. San Antonio.

June 24, 1942.

Rehearing Denied Aug. 5, 1942.

Tom F. Hunter, of Wichita Falls, Dave Watson and D. A. McAskill, both of San Antonio, for appellants.

Reynolds Cate, Conger & Baskin, and Thos. E. Lyon, all of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Lula W. Sartain against Woodlawn Baptist Church in the City of San Antonio, a corporation, and its pastor and trustees, for title and possession of the church property, which Mrs. Sartain had purchased at trustee's sale under deed of trust held by her as security for a note given by the trustees of the church in her favor. In the alternative Mrs. Sartain prayed for judicial foreclosure upon said deed of trust. At the close of the evidence adduced at the trial the court directed a verdict and rendered judgment against the church establishing the validity of the trustee's sale to Mrs. Sartain, and for deficiency judgment in the amount of $418.51. The church has appealed upon two points of error.

The installment note and the deed of trust upon which the foreclosure sale was made included the usual provision that in case of default in payment of any of the installments the payee could, at her option, mature the entire obligation. It is conceded that the obligors defaulted in the payment of prescribed installments, and that after default Mrs. Sartain declared the entire debt due, and that in pursuance of that declaration the trustee named in the deed of trust sold the property to Mrs. Sartain, as the highest bidder. The regularity of the trustee's sale, as such, is not questioned in this appeal.

It is first contended by appellant, in its first point, that the trial judge improperly directed a verdict for appellee, "inasmuch as the church was able and willing to pay the amount in default."

██ Presentment for payment of the note was not required to charge those primarily liable thereon. Art. 5937, R.S.1925, § 70. Appellant rests its first point on the provisions of the Negotiable Instruments Act (Art. 5937) relating to demand notes, whereas, the note in suit was payable in installments on days certain, and was not a demand obligation. The mere fact, even if it had been established by evidence, that the church was able and willing to pay the debt, had no bearing on the obligation of the makers of the note in suit. We overrule appellant's first point.

In its second point appellant contends that "the evidence showed that the appellant, Woodlawn Baptist Church, and appellee, Mrs. Sartain, made an agreement wherein she gave appellant a reasonable time to

pay the amount .in default." Appellant's statement in support of this point is that "Mrs. Sartain, the holder of the note, and Hulen R. Carroll, minister, representing the church, made an agreement with him providing that the Appellant Church have a reasonable time in which to pay the amount in default."

The only evidence of the alleged agreement is that found in the following testimony of Rev. Carroll:

"Q. Did you or not ask her (appellee) for time while you and the new trustees raised the money to make these installments? A. Yes.

"Q. What did she say? A. Well, she was very nice about it, didn't seem hardboiled at all, said that, of course, she wanted her money.

"Q. * * * what did she say? A. Your Honor, I am not sure I can remember all the words. * * * It was this: she wanted her money, of course, but anything in reason would satisfy her as to the time of payment."

We conclude that this testimony was insufficient to establish an agreement by appellee to postpone the advertised sale of the property involved.

Appellant makes no further points in the appeal, and this decision is confined to the two points advanced in appellant's brief, which are overruled.

The record discloses an unfortunate and bitter controversy among the members of this church and a resulting rupture of the organization. This deplorable condition, however, can be given no controlling consideration in this appeal. It should be said to the credit of Mrs. Sartain that her attitude in the matter has not been harsh or inconsiderate. The note sued on was originally for $5,000, with accrued interest, but, when it became apparent that because of adverse conditions the church could not meet the payments thereon, Mrs. Sartain voluntarily deducted $2,000 from the debt and took a renewal note for the balance of $3,000 in settlement, payable in monthly installments of $10, leaving it optional with the church to make payments quarterly or semi-annually, according to its desire. The equities of the case, then, are obviously not against Mrs. Sartain.

Appellant has presented no reversible error, and the judgment is affirmed.

## On Motion for Rehearing.

The trial court rendered judgment against Woodlawn Baptist Church (alleged to be an association), Woodlawn Baptist Church, a corporation, Hulen R. Carroll, Sr., B. M. Gibson, M. W. Pittman and Henry Fisher. However, only Woodlawn Baptist Church, a corporation, Hulen R. Carroll, Sr., and B. M. Gibson have appealed from that judgment. Accordingly the judgment against Woodlawn Baptist Church, an association, M. W. Pittman and Henry Fisher, all of whom failed to appeal, has become final, and can be set aside, if at all, only by direct attack in a new proceeding in the District Court. They can assert no remedy in this appeal. The judgment against the named appellants has been affirmed by this Court.

A motion for rehearing has been filed in this Court by "Hulen R. Carroll, Sr., et al." Strictly speaking, that motion could inure for the benefit only of Hulen R. Carroll, Sr., the named movant, since there were other and unnamed appellants, who, so far as the motion shows, are satisfied with the order of affirmance. But, for the purpose of this opinion on rehearing we will assume that all the appellants, whether named or not, are dissatisfied and complain of the judgment of affirmance. If their interests were several or not common, we might not have the power to consider the motion for rehearing in behalf of those not named, or at least would be justified in requiring all those who sponsor the motion to join therein by name.

The motion for rehearing embraces fourteen grounds of alleged error in the judgment of affirmance. Only one of those grounds [designated as (i), which is overruled for want of merit] was raised in the original presentation in this Court, and therefore none of them can be considered on this rehearing except those, if any, which present fundamental error.

Appellants' points (a), (b), (c), (d), (f), (h), (h) 5, (h) 6 and (h) 7, complain of the judgment as it affects persons not parties to this appeal, and do not purport to adversely affect the interests of appellants, who will not be heard to complain in behalf of the quiescent parties. 3 Tex.Jur. p. 1026, § 728. Those grounds are accordingly overruled.

Appellants' remaining points complain of the absence or insufficiency of the pleadings and evidence to support the judgment, and such matters may not be raised for the first time in a motion for rehearing.

The motion is overruled.