# ARMON MABRY V. LORRAINE B. PRIESTER.

No. A-7854. Decided October 5, 1960.
(338 S.W. 2d Series 704)

*Ray Stevens,* of Houston, for Petitioner.

*Vinson, Elkins, Weems & Searls* and *M. C. Chiles,* all of Houston, for respondent.

MR. CHIEF JUSTICE HACKMAN delivered the opinion of the Court.

This suit was instituted by respondent to remove cloud from her title to certain property caused by the filing by petitioner of a mechanic's lien asserting a claim for architect's fee due him for drawing up plans and specifications for a proposed restaurant and private club. Respondent admitted the contract between her and petitioner for services as an architect, but sought to cancel his claimed lien on the grounds, first, that the plans and specifications which he prepared were incomplete, and, second, that the building which was called for would cost greatly in excess of the $60,000.00 to $70,000.00 limit agreed upon. Petitioner filed a cross-action to foreclose his lien and recover his fee. After the evidence had been presented, respondent filed a motion for an instructed verdict that petitioner take nothing by his cross-action and that the claimed mechanic's lien be cancelled. The grounds of her motion were that petitioner neither pleaded nor proved that he was a licensed architect in good standing at the time the original agreement was entered into or at the time the work was performed; that petitioner could not recover on *quantum meruit* because the evidence showed an express contract, and that the undisputed evidence showed the plans and specifications to be so incomplete that they could not be used in the construction of the building contemplated within the limits set by respondent. Petitioner then sought to file a trial amendment alleging that he was a licensed architect in good standing at all times mentioned in his pleadings, but the trial court refused to allow him to amend.

Respondent's motion for an instructed verdict was granted, and judgment rendered cancelling petitioner's lien and removing it as a cloud on her title. Neither the order directing the jury to return a verdict in favor of respondent nor the judgment is based specifically on one or another of the grounds asserted in respondent's motion, the judgment reciting that "under the evidence introduced and the pleadings of the parties" petitioner failed to establish a basis or ground to support a judgment in his favor.

The Court of Civil Appeals affirmed the judgment of the trial court upon the ground that it was incumbent upon petitioner to plead and prove that he was a licensed architect in good standing at the time he entered into the contract with respondent and at the time he performed the work for her; and that the trial court did not abuse its discretion in refusing to allow petitioner to amend his pleadings. The court did not affirm the judgment on the ground that the evidence would not support a finding that the plans and specifications were too incomplete to amount to

a performance, but on that ground the court held that there was evidence from which a jury might conclude that there was substantial performance. It affirmed the trial court's judgment on the ground that an instructed verdict was properly granted because of the failure of the pleadings and proof that petitioner was a licensed architect in good standing. 333 S.W. 2d 684.

The application for writ of error contains three points. Point 1 is as follows:

"The Court of Civil Appeals erred in holding that it was incumbent upon Petitioner to plead and prove that he was a duly registered and licensed architect in good standing at the time the plans were prepared and at the time of the trial."

Point 2 is as follows:

"The Court of Civil Appeals erred in sustaining the action of the trial court in refusing to allow Petitioner leave to file a trial amendment."

The third point presents in different language the same basic question as the first point.

We sustain the first point, and that renders the second point immaterial.

■ Had the petitioner not filed a cross-action for his fee, and the suit had been only one by respondent to quiet title, clearly the burden of proof would have been upon her to establish that the adverse claim was a cloud upon her title; but, since petitioner filed a cross-action asserting the validity of his lien and seeking a foreclosure thereof, a judgment denying him recovery against respondent and a foreclosure of his claimed lien would have the effect of removing any cloud from plaintiff's title. The question of whether petitioner's pleading and proof were deficient seems, therefore, clearly presented for decision.

In Clark v. Eads, 165 S.W. 2d 1019, er. ref., want of merit, the Court of Civil Appeals held that an architect suing to recover his fee must plead and prove that he was a licensed architect in good standing. We have examined the application for writ of error in that case and find that it did not raise that precise point. Our order, therefore, in refusing the application for want of merit cannot be regarded as controlling.

Article 249a, V.A.T.S., is a comprehensive statute regulating the practice of architecture. It does not contain any provision that one bringing an action for the collection of compensation for the performance of services as an architect must allege and prove that he was a licensed architect at the time the alleged services were rendered. It is significant that the statute regulating real estate dealers, Article 6573a, V.A.T.S., Sec. 19, contains that express provision.

■ Rule 94, Texas Rules of Civil Procedure, places the obligation upon the defendant to plead illegality affirmatively as a defense. That rule should not be construed to limit illegality as an affirmative defense to contracts which are prohibited by law, but to include contracts rendered unenforceable because of some failure to comply with the law. The question narrowed down, then, is whether, when recovery is sought for services rendered as an architect, his compliance or failure to comply with the statute regulating the practice of architects determines whether such services were legally rendered. If it is a question of illegality of contract, clearly Rule 94 governs. In M.M.M., Inc. v. Mitchell, 153 Texas 227, 265 S.W. 2d 584, this Court held that an engineer who rendered services as an engineer during the year in which he failed to pay the fee required to renew his certificate was practicing illegally and could not recover a fee for the services rendered. The exact question here presented was not involved in that case, but if an engineer without a license to practice his profession is denied recovery for services rendered by him on the ground of illegality of contract, no reason is perceived why the same ruling should not apply to an architect.

■ Rule 94 serves a most useful and important purpose in our practice. If followed uniformly, it will make for more certainty in cases like the instant one. We can perceive of no reason why this case should not fall within the terms of that rule, and accordingly we hold that if petitioner was not in fact an architect in good standing when he made the contract and performed the services alleged, then his contract was illegal and respondent should have affirmatively pleaded its illegality. In principle that conclusion finds support in Reid v. Associated Employers Lloyds, 164 S.W. 2d 584, er. ref.

In Swift v. Kelly, 133 S.W. 901, no wr. hist., and Paine v. Eckhardt, 203 S.W. 459, no wr. hist., it was held that a doctor must plead and prove that he was a licensed physician in good standing at the time he rendered professional services, in order to recover his fee, but in Hawkins v. Black, 23 S.W. 2d 755, no

wr. hist., it was held that it was unnecessary for a lawyer to do so. Those decisions were all rendered before the enactment of Rule 94, and as noted, none had a writ history. It will, therefore, be unnecessary to discuss them.

It is respondent's position that the judgment of the trial court should be sustained on the ground that no evidence was introduced from which a jury might conclude that there was any substantial performance of the contract. This point was overruled by the Court of Civil Appeals. It held: "Here the ultimate issue was whether the plans and specifications were substantially complete. There was a dispute in the evidence and such explanation of alleged deficiencies, and expressions of professional opinion with regard to this, that we think a fact issue was raised." The evidence strongly indicates to our minds that the plans and specifications were deficient, especially in their treatment of the plumbing, electrical and air-conditioning facilities, and that the proposed building could not be constructed within the specified limits of $60,000.00 to $70,000.00. Petitioner, however, testified that the plans and specifications were substantially complete and that it was good practice to omit certain details relating to plumbing and electrical facilities, as those were supplied by the contractor or subcontractor. Petitioner also testified at length regarding the modifications of the original scheme suggested by respondent at various points in the course of the work. While he did not testify specifically that it was understood that these modifications would affect cost limitations agreed upon, it is clear from his testimony that the result of such changes would be an increase in the overall cost of the project. This testimony, although given by a party to the suit, is in direct conflict with that offered by respondent, and we cannot hold that it did not raise an issue of fact to be submitted to the jury.

Respondent's motion for an instructed verdict contained the further ground that a recovery on *quantum meruit* could not be had since the evidence showed an express contract. Petitioner does not assert here any claim of right to recover on that ground.

Our conclusion on the case as a whole is that the judgments of both courts below should be reversed, and the cause remanded to the trial court.

Opinion delivered October 5, 1960.