**Clyde S. SMITH et al., Appellants,**

v.

**CROCKETT PRODUCTION CREDIT ASSOCIATION, Appellee.**

**No. 14274.**

Court of Civil Appeals of Texas.
Houston.

Nov. 21, 1963.

Rehearing Denied Dec. 12, 1963.

Ted Musick, Houston, for appellants.

Adams & Granberry, F. P. Granberry, Crockett, for appellee.

BELL, Chief Justice.

This is an appeal from a summary judgment against Clyde S. Smith in which the court rendered judgment against Smith, on April 19, 1963, for $6,517.20, the balance due on a promissory note which was in renewal and extension of several prior notes, including past due interest and attorney's fees. Also, the judgment provided for foreclosure of a chattel mortgage lien against certain described personal property, the judgment of foreclosure being against both Smith and C. D. Sheffield, who claimed some of the property by reason of purchase or trade from Smith.

The motion for summary judgment was heard while an appeal by these same appellants was pending in this Court from an order of the trial court in overruling appellants' pleas of privilege. We have this day affirmed the action of the trial court in overruling appellants' pleas of privilege.

Appellee's suit was on a promissory note, it seeking to recover the balance due on the note, past due interest, and attorney's fees. Foreclosure of the chattel mortgage lien was also sought as against both appellants.

Appellant Smith, the maker of the note, subject to his plea of privilege, filed an answer containing a general denial and this special plea:

"Defendant, Clyde S. Smith, alleges that the Plaintiff has changed the original mortgages on this land many times and are attempting now to foreclose upon items not set out in the original mortgages. The mortgages were fraudulently drawn. The Plaintiff gave the Defendant permission to sell the items that the Defendant has sold, which Defendant can prove, and the Plaintiff has received all of the money from all of the sales, except one check for $1800.00, which the Plaintiff received and returned to this Defendant. With the exception of the items sold by permission to the Plaintiff, all of the items listed under the original mortgages are still in tact at Defendant's

homestead. This Defendant has been guilty of no sale of mortgaged property without the permission of the Plaintiff, its agents, servants and employees."

Prayer was that plaintiff take nothing.

Appellant Sheffield, subject to his plea of privilege, filed his answer containing only a general denial.

On April 5, 1963, appellee filed its motion for summary judgment, stating there was no genuine issue of fact to be decided. The motion was supported by an affidavit of its Secretary-Treasurer swearing to the truth of all of the facts alleged in Plaintiff's Original Petition as well as to the exhibits attached to the motion. The exhibits attached were the promissory notes, the credits shown thereon, and the chattel mortgage, which were the basis of the suit. The appellee in its Petition had very specifically described the notes, the chattel mortgage, the property covered by it, and all items of credit it had given on the notes. It had also specifically alleged the transfer to Sheffield of certain property covered by the chattel mortgage. The affidavit did except the allegations appellee made against defendant Carel Rasberry. Rasberry and Warnki, another defendant, were dismissed from the suit. Notice was given the appellants of the hearing of the motion for summary judgment to be held on April 19.

By a plea in abatement, filed April 16, "Defendants" moved to "abate the motion for summary judgment" until this Court passed on the appeal here pending from the order of the trial court in overruling appellants' pleas of privilege. The plea in abatement was overruled.

We are unable to find that appellant Sheffield filed anything in response to appellee's motion for summary judgment. Appellant Smith filed an answer to the motion, in which he asserted " * * * that there are several fact situations to be determined by a jury, * * * " He made an attached affidavit, which was made by him a part of his answer. The affidavit is as follows:

"My name is Clyde Smith, and I am one of the Defendants in the above styled and numbered cause, and in support of my answer to Plaintiff's motion for summary judgment, respectfully show the Court the following:

"1. Several fact situations exist in this case, in that the payments were always made timely by this Defendant, and there is no allegation by Plaintiff that the Defendant not up to date on his payments.

"2. This defendant never did sell anything without the permission of the Plaintiff, and therefore, the Plaintiff has no right to attempt to foreclose on any mortgage pledged by the Defendants.

"3. The Plaintiff is attempting to rely on hearsay testimony that is not competent evidence, and therefore should not be a basis for motion for summary judgment.

"4. There has been no allegation in Plaintiff's petition on motion for summary judgment for any true basis for judgment at all in this case. Therefore, a fact situation exists as to whether anything was owing at the time of institution of this suit, and if so, what.

"5. The Plaintiff has not given this Defendant credit for all of the offsets and payments that have been made, and therefore, there is a fact situation that exists as to what, if anything, is owed.

"With these fact situations outstanding that must be ruled on by a jury, the Court should deny Plaintiff's motion for summary judgment."

/s/ Clyde Smith

On April 16 appellant Smith filed an unsworn motion for continuance, signed by his attorney, based on the assertion that his

attorney had two cases set in Harris County April 19 and the attorney could not reach Crockett for hearing the motion for summary judgment. The motion for continuance was overruled.

■ Appellants' complaint, that their plea in abatement should have been sustained and no action should have been taken on the merits of the case while the appeal from the judgment of the trial court overruling their pleas of privilege was pending in this Court, is without merit. Where a plea of privilege is overruled and appeal is taken, the trial court may proceed to trial on the merits. It is only where there is an appeal from an order sustaining a plea of privilege that further proceedings by the trial court are suspended. Article 2008, V.A.T.S.; Allen v. Woodward, 111 Tex. 457, 239 S.W. 602 (S.Ct.); Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306; Magnolia Petroleum Co. v. State, 218 S.W.2d 855 (CCA), ref., n. r. e.

■ Neither is there merit in appellants' contention that there was error in the overruling of their motion for continuance. The motion was not sworn to. Our rules require that a motion for continuance be supported by affidavit. Rule 251, T.R.C.P.; Coleman v. Banks, 349 S.W.2d 737 (CCA), ref., n. r. e.

Appellants' third Point is that there were fact issues raised as to there being failure of consideration, whether the chattel mortgage sued on was correct and whether all payments had been credited on the notes.

■ We note this Point is not briefed and we could consider the point waived. On the merits of the Point, we are of the view that appellants are incorrect.

We find no statement of fact in appellant Smith's affidavit (Sheffield filed none) attacking the mortgage or showing failure of consideration.

■ With regard to their contention that there was a fact issue as to whether all payments made have been credited, we are of the view it is without merit. It is observed that appellants in their pleading have not pled payment in any form. We are not unaware that in summary judgment proceedings the absence of such a pleading is not fatal if the affidavit, etc., filed in reply to the motion for summary judgment, establishes facts which if true would constitute a defense. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233 (S.Ct.). However, we are of the view that the plea in appellant Smith's affidavit, there being nothing more, stating that all offsets and credits have not been allowed, is but a conclusion. It should have gone further and specified what such credits and offsets were. If this had been a trial on the merits and the only thing stated by appellant was that all offsets and payments had not been credited, the court would have been required to instruct a verdict against appellant. His testimony in such a trial, that all payments and offsets had not been allowed, without more, would be a pure conclusion. See Franklin Life Ins. Co. v. Rogers, 316 S.W.2d 116 (CCA), ref., n. r. e.

■ Appellant Smith's affidavit that "the payments were always timely made by this Defendant, and there is no allegation by Plaintiff that the Defendant (is) not up to date on his payments" does not raise any fact issue. The notes show on their face they were not installment notes but were due absolutely on a date certain, and suit was filed many months after the due date of the last note.

The judgment of the trial court is affirmed.