James R. LAWLER et al., Appellants,

v.

ARAMCO, INC., Appellee.

No. 15219.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 18, 1969.

Rehearing Granted in Part Oct. 30, 1969.

Further Rehearing Denied Nov. 20, 1969.

------◆------

Fulbright, Crooker, Freeman, Bates & Jaworski, Thomas R. McDade, Houston, for appellants.

Dibrell, Dibrell & Greer, G. William Rider, Galveston, for appellee.

On Motion for Rehearing

COLEMAN, Justice.

This is a suit on a sworn account, in answer to which the defendant filed a sworn denial and a cross-action for damages by reason of breach of warranty. The trial was to the court without a jury and resulted in a judgment for the cross-plaintiff. The plaintiff (cross-defendant) has appealed.

The nature of the cause of action asserted in the cross-action is adequately presented in the findings of fact and conclusions of law filed by the trial court:

## FINDINGS OF FACT

"1. By written contract dated April 4, 1962, James R. Lawler, d/b/a Lawler Engineering and Manufacturing Company, agreed to manufacture for Aramco, Inc., certain equipment, pursuant to specifications in the contract, to be used by Aramco, Inc., in its business of manufacturing outside aluminum storm blinds. The contract included a written guarantee by James R. Lawler that the equipment would turn out a finished aluminum louver and a finished aluminum side frame as described in the contract and straight, free and clear of all camber or twist. The total agreed consideration to be paid by Aramco, Inc., was $6,900.00.

"2. Thereafter Aramco, Inc., ordered from James R. Lawler, d/b/a Lawler Engineering and Manufacturing Company, additional equipment to be used with, and in some instances as an addition to, the equipment covered by the written contract of April 4, 1962. James R. Lawler expressly warranted that this additional equipment would be of good and workmanlike quality and usable in Aramco, Inc.'s business with, and in connection with, the equipment made the subject of the written contract of April 4, 1962. The total consideration to be paid by Aramco, Inc., for the additional equipment was $4,274.10.

"3. Aramco, Inc., paid to James R. Lawler a total sum of $10,203.00, $6,-900.00 of which was in payment for the equipment covered by the written contract and $3,303.00 of which was for the additional equipment.

"4. The equipment furnished by James R. Lawler to Aramco, Inc., did not perform properly. The equipment scratched and made indentations in sides and slats of blinds. The end cutoff mechanism did not operate properly. The equipment did not turn out a finished product straight, free and clear of all camber or twist. The additional dies did not perform correctly and could not be used with the remainder of the equipment. Certain of the rolls rusted in a short time. At no time would the equipment consistently turn out a satisfactory product or one that could be marketed by

Aramco, Inc.; it was not of good and workmanlike quality and was not suitable for the purposes of the buyer, Aramco, Inc. The equipment was of no value to Aramco, Inc., in its business and of no value to anyone other than a possible scrap value not in excess of $300.00.

"5. Following the sale, Lawler Engineering and Manufacturing Company, a Texas corporation, assumed all liabilities of James R. Lawler incurred in the manufacture and sale of the equipment in question.

"6. James R. Lawler and his employees and the employees of Lawler Engineering and Manufacturing Company, a Texas corporation, were entirely responsible for the failures and inadequacies of the equipment in question. James R. Lawler and Lawler Engineering and Manufacturing Company, a Texas corporation, wholly and completely failed to satisfactorily correct any of these failures and inadequacies.

"7. The equipment could not be adequately repaired or reconditioned so that it would function properly and in accordance with the provisions of the written contract in question.

"8. At no time were Aramco, Inc., and James R. Lawler in competition with one another. At no time were Lawler Engineering and Manufacturing Company, a Texas corporation, and Aramco, Inc., in competition with one another. All of the equipment was to be used in aid of Aramco, Inc.'s business. Aramco, Inc., was not engaged in the business of buying and selling tools, dies and stamping machinery or any of the equipment purchased from James R. Lawler or Lawler Engineering and Manufacturing Company. The business of Aramco, Inc., was, insofar as it relates to the transaction in question, solely that of the sale of outside storm blinds. Aramco, Inc., did not purchase from either James R.

Lawler or Lawler Engineering and Manufacturing Company any merchandise, produce or commodities. At no time did James R. Lawler and Aramco, Inc., combine or act in combination to restrain trade and no provision in the written contract of April 4, 1962, had the actual effect or was intended to have the effect of lessening competition or restraining trade.

"9. As the result of the breach of warranties expressly made and implied as the result of the sale of the equipment in question, Aramco, Inc., has suffered the loss of actual damages in the amount of $6,700.00 in connection with the equipment covered by the written contract and $4,166.10 in connection with the additional equipment."

## CONCLUSIONS OF LAW

"1. The express warranty, contained in the written contract, that the equipment would turn out a finished product as described in the contract, straight, free and clear of all camber or twist, was breached.

"2. The express warranty, made with regard to the sale of additional equipment, not covered by the written contract, to the effect that the equipment would be of good and workmanlike quality and would be usable in Aramco, Inc.'s business with, and in connection with, the equipment made the subject of the contract, was breached.

"3. With respect to both the equipment covered by the written contract and the additional equipment, the implied warranties of fitness and of suitability for the buyer's purpose were breached.

"4. As a result of the breach of the various warranties, Lawler Engineering and Manufacturing Company, a Texas corporation, is not entitled to recover against Aramco, Inc., for any amount

alleged to be due and owing it as a result of the sale in question.

"5. As a result of the breach of the various warranties, Aramco, Inc., has been damaged in the sum of $6,700.00 in connection with that portion of the equipment covered by the written contract and $4,166.10 in connection with the additional equipment. Since Aramco, Inc., did not pay the sum of $971.10 billed, James R. Lawler and Lawler Engineering and Manufacturing Company, a Texas corporation, are entitled to such a credit with a resulting damage of $6,700.00 and $3,195.00 for a total of $9,895.00. Aramco, Inc., is entitled to recovery of this sum from Lawler Engineering and Manufacturing Company, a Texas corporation, and James R. Lawler, and their obligation to Aramco, Inc., is joint and several.

"6. The written contract was not an illegal contract and did not violate any of the Texas Antitrust Statutes. With regard to the written contract, there existed no combination, no unlawful combination, and no combination in restraint of trade. The equipment in question was not merchandise, produce or commodities insofar as Aramco, Inc., and the written contract in question were concerned."

In appellants' brief eleven points of error are presented attacking Findings of Fact Nos. 2, 4, 7, and 8 as being contrary to the great weight and preponderance of the evidence, Findings of Fact Nos. 6 and 9 as being based on Findings 3 and 4, and Finding of Fact No. 3 because it is not supported by the pleadings. All Conclusions of Law were attacked because not supported by valid Findings of Fact. Findings of Fact Nos. 1 and 5 were not challenged. Other matters were also raised in the points of error.

These points of error were briefed on what were denominated "basic" or "fundamental" propositions: (1) The contract which was the basis of the cross-action was illegal because it was in violation of the Anti-Trust Laws of the State of Texas; (2) The cross-plaintiff failed to prove rescission and failed to prove damages other than cost of repair; and (3) The equipment or machinery was not defective and the trial court's findings were against the greater weight and preponderance of the evidence.

Since appellant has grouped the points in the brief around the "basic" propositions, they will be considered in the same manner, but in the reverse order. It would serve no useful purpose to recite the evidence bearing on the question of whether the equipment or machinery was or was not defective. The testimony was conflicting. All of the findings of fact made by the trial court are sufficiently supported by competent evidence of probative force and are not so contrary to the greater weight and preponderance of the evidence as to be clearly wrong.

■ With reference to the second proposition it is clear from the Findings of Fact and Conclusions of Law that the trial court rendered his judgment on the theory that express and implied warranties had been breached by the cross-defendants and that cross-plaintiff had been damaged by reason thereof. He determined that the proper measure of damages was the difference between the contract price and the value of the goods delivered. Since a portion of the contract price had not been paid, this amount was deducted. The contract price could be ascertained from the evidence. The amount thereof not paid was established, and there was evidence that value of the equipment as scrap iron was only $100.00. There was evidence that it had no value for its intended use. The trial court allowed a value of $300.00, but appellee has not complained. The error, if any, was favorable to appellants. The theory on which recovery was allowed was supported by the pleadings. The measure of damages adopted was appropriate. Nunn

v. Brillhart, 111 Tex. 588, 242 S.W. 459 (Tex.Com.App.1922); Hutchinson v. Texas Aluminum Co., Inc., 330 S.W.2d 895 (Tex.Civ.App.,—Dallas, 1959, error ref., n. r. e.); Acme Brick Co. v. Turpin, 22 S.W.2d 322 (Tex.Civ.App.,—Dallas, 1929, writ dism'd.).

The written contract between the parties contained this provision: "For the same consideration, Lawler agrees that he will not produce another machine that will turn out identical parts for aluminum blinds as herein contracted for." This is the provision which appellant contends renders the contract unenforceable as being in violation of the Texas Anti-Trust Laws.

■ Appellants have cited no cases in support of Point of Error No. VII complaining that the trial court erred in refusing leave to file a trial amendment pleading illegality of the contract as a defense to the cross-action. They have made no argument in their brief in support of this point. It can be considered waived. Thigpen v. Locke, 363 S.W.2d 247 (Tex. 1963); Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ.App.,—Amarillo, 1868, error ref., n. r. e.); Smith v. Crockett Production Credit Ass'n., 372 S.W.2d 956 (Tex.Civ. App.—1st Dist., 1963, error ref., n. r. e.).

■ Rule 94, Texas Rules of Civil Procedure, requires that the defense of illegality be specially pleaded. Failure to plead illegality of a contract ordinarily constitutes a waiver of the defense. Mabry v. Priester, 161 Tex. 173, 338 S.W.2d 704 (1960); Free-Flow Muffler Co., v. Kliewer, 283 S.W.2d 778 (Tex.Civ.App.,—Texarkana, 1955, error ref., n. r. e.). Where the contract sued on shows illegality on its face, an affirmative pleading to that effect is unnecessary. Niles v. Harris County Fresh Water Supply Dist. No. 1–A, 339 S.W.2d 562 (Tex.Civ.App.,—Waco, 1960, error ref.). Appellants contend that this is such a case. They argue that the provision quoted has "no limit as to geographical

location or area, and no limitation as to whether Aramco, Inc. continued in business or continued to be in the business of selling aluminum blinds", citing in support of their contention Wissman v. Boucher, 150 Tex. 326, 240 S.W.2d 278 (1951); Climatic Air Distributors of South Texas v. Climatic Air Sales, 162 Tex. 237, 345 S.W.2d 702 (1961); Patrizi v. McAninch, 153 Tex. 389, 269 S.W.2d 343 (Tex.1954); Segal v. McCall Co., 108 Tex. 55, 184 S.W. 188 (1916); and Vann v. Toby, 260 S.W.2d 114 (Tex. Civ.App.,—Dallas, 1953).

■ The quoted paragraph renders the contract illegal on its face. "A restraint of trade is unreasonable in the absence of statutory authorization or a dominant social or economic justification, if it (a) is greater than is required for the protection of the person for whose benefit the restraint is imposed, * * *" Restatement of the Law of Contracts, § 515. The failure to limit the restraint in geographical area or in time renders the restraint unreasonable. Whether or not there is a combination in restraint of trade or a "trust" as defined by Article 7426, Vernon's Ann.Civ.St., and interpreted in Gates v. Hooper, 90 Tex. 563, 39 S.W. 1079 (1897), there is an unreasonable restraint of trade under the common law. Wissman v. Boucher, 150 Tex. 326, 240 S.W.2d 278 (1951); Texas Standard Cotton Oil Co. v. Adoue, 83 Tex. 650, 19 S.W. 274 (1892).

■ The provision of the contract restricting competition is collateral to the contract of purchase. However, the consideration supporting the contract is entire and cannot be apportioned. The contract is void on its face and neither of the parties may enforce its provisions. Patrizi v. McAninch, 153 Tex. 389, 269 S.W.2d 343 (1954).

The appellant's motion for rehearing is granted; the original opinion of this Court is ordered withdrawn; the judgment of the trial court is reversed and judgment is

here rendered that plaintiff take nothing and that cross-plaintiff take nothing.

Reversed and rendered on rehearing.

## On Motion for Rehearing

■ Aramco, Inc., contends that the judgment entered against James R. Lawler by the trial court, and affirmed by this Court in its original opinion, could not properly be disturbed by this Court on rehearing. The basis for this contention is the fact that in the amended motion for rehearing James R. Lawler was not individually named as an appellant. This motion names Lawler Engineering and Manufacturing Co., et al., appellants. Appellee relies on Carroll v. Sartain, 164 S.W.2d 52 (Tex.Civ.App.1942, writ ref., w. o. m.), in which the court said:

"A motion for rehearing has been filed in this Court by 'Hulen R. Carroll, Sr., et al.' Strictly speaking that motion could inure for the benefit only of Hulen R. Carroll, Sr., the named movant, since there were other and unnamed appellants, who, so far as the motion shows, are satisfied with the order of affirmance."

The cited case is not in point under the facts of this case. Here there were only two appellants. Throughout the amended motion the word "appellants", as distinguished from "appellant", is used. In the original motion for rehearing both appellants were named. If we should hold that appellant, Jim Lawler, failed to file an amended motion for rehearing, it would follow that, as to him, the original motion was pending and both motions present the point that this Court erred in holding that the contract sued on did not show illegality on its face. This is the point of error which was sustained by this Court.

Appellee contends that we were in error in sustaining this point because it was not presented in appellants' brief. There is merit in this contention because the appellants' brief did not comply with the rules of briefing. As pointed out in our opinion the case was briefed on three "basic propositions", one of which was that the contract was illegal because it violated the anti-trust laws of the State of Texas. In argument under this point appellants contended that the contract was illegal, and cited the cases relied on by this Court as authority.

■ In addition by Point of Error No. VI, appellants challenged three of the trial court's findings of fact and five of the conclusions of law, and a part of one of the conclusions of law (No. 6) named reads: "The written contract was not an illegal contract and did not violate any of the Texas Antitrust Statutes * * *" The court was not required to consider this point because it was multifarious, improperly presenting several issues. Since the question of the illegality of the contract was squarely presented in the briefs, the point properly has been considered by this Court under the authority of Rules 422 and 431, T.R.C.P.

■ The appellee has pointed out that the provision included in the written contract, which we have held resulted in the formation of an illegal contract, would not affect the legality of the subsequent oral contract for additional items of equipment. This point is sustained. The trial court found that Aramco, Inc., suffered actual damage as a result of the breach of warranty by appellants in connection with the additional equipment in the sum of $3,195.00.

The motion for rehearing is granted. The judgment of the trial court is reversed in part and judgment is here rendered that Aramco, Inc., recover against Lawler Engineering and Manufacturing Co., a Texas corporation, and James R. Lawler the sum of $3,195.00 together with legal interest. Costs in the trial court are assessed against appellants. The costs of appeal are assessed against appellee.

Reversed in part and rendered.