**WALTER E. HELLER & COMPANY,**
Appellant,

v.

**B. C. & M., INC., et al., Appellees.**

No. 16736.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1976.

Rehearing Denied Dec. 9, 1976.

Robert E. Speed, Houston, for appellant.

Paul W. Nimmons, Jr., Houston, for appellee, E. W. Millard, Sr.

Robert J. Wright, James S. Taylor, Jr., Houston, for appellee H. P. Albrecht.

EVANS, Justice.

The principal question in this case is whether the trial court properly determined, as a matter of law, that the plaintiff's claim for stipulated damages under an equipment lease contract was unenforceable as a penalty. We hold that it did not.

■ The defense of penalty was not specially pleaded by the defendants, but at the close of the plaintiff's case-in-chief, the trial court granted the defendants' motion for instructed verdict and entered a take nothing judgment against the plaintiff. The defense of penalty is an affirmative defense which may be waived by the defendant unless specially pleaded. Rule 94, Texas Rules of Civil Procedure; *LoBue v. United States Planning Association*, 467 S.W.2d 574 (Tex.Civ.App.—Fort Worth 1971, writ dism'd) and authorities cited therein. The defendant's answer in the case at bar consisted solely of a general denial.

". . . the general denial is strictly a negative plea, putting in issue only those allegations which the plaintiff is required to establish to recover. Hence, it does not open the way for evidence to support propositions which do not negative the plaintiff's claim, but go to support some independent reason why the plaintiff is barred from recovering, such as matters in avoidance or estoppel, or counterclaims or cross-claims. Assuming proper objection by plaintiff, such evidence is admissible only when those matters are specifically alleged. There is, however, an exception: when the petition anticipates a defense which should have been raised by affirmative plea in the answer, and the petition alleges propositions relied upon to destroy such defense, the defendant by a general denial may put such propositions in issue. A party is not required to plead matters already asserted in his opponent's pleadings, and since the plaintiff has put such matters in issue, the defendant may rely upon his general denial." McDonald Texas Civil Practice, Vol. 2, section 7.23.2, pg. 216.

It is the defendants' contention that the plaintiff's own pleading and proof raised the issue of penalty, even though the defense was not specially pleaded. The defendants cite *Lawler v. Aramco, Inc.*, 447 S.W.2d 189, 193 (Tex.Civ.App.—Houston (1st) 1969, writ ref'd n. r. e.) wherein it was stated:

Rule 94, Texas Rules of Civil Procedure, requires that the defense of illegality be specially pleaded. Failure to plead illegality of a contract ordinarily constitutes a waiver of the defense. *Mabry v. Priester*, 161 Tex. 173, 338 S.W.2d 704 (1960); *Free-Flow Muffler Co., v. Kliewer*, 283 S.W.2d 778 (Tex.Civ.App.,—Texarkana, 1955, error ref., n. r. e.). Where the contract sued on shows illegality on its face, an affirmative pleading to that effect is unnecessary. *Niles v. Harris County Fresh Water Supply Dist. No. 1-A*, 339 S.W.2d 562 (Tex.Civ.App.,—Waco, 1960, error ref.).

It is not essential that this Court decide whether the defendants' failure to plead penalty constituted a waiver of the issue, precluding the trial court's consideration of the defense upon the trial of the case. The plaintiff's pleading and proof do not establish, as a matter of law, that the plaintiff's claim was unenforceable as a penalty.

■ The lease contract in question, dated May 24, 1971, was executed by Atlas Leasing Corp. as lessor and B. C. & M., Inc. as lessee. The face of the lease reflects that the leased equipment was a hydraulic crane, having an initial cost value of $45,000.00. This lease guaranteed by defendants Andrew Benson, E. W. Millard, Sr., and H. P. Albrecht was subsequently assigned to the plaintiff Walter E. Heller & Co. on June 14, 1971. After making the equivalent of sev-

en rental payments, the lessee defaulted and the lessor repossessed the hydraulic crane and disposed of it by sale. The sale proceeds of $22,250.00 were credited against the aggregate amount of the accelerated rental payments, late charges and legal expenses, leaving a claimed deficiency of $31,870.56, which, together with attorney's fees and costs, is the amount claimed by the plaintiff in this suit against the lessee and its guarantors.

The lease provided that the lessee agreed to pay for the initial 60 month term of the lease a total rental which was to be computed by multiplying the number of specified rental payments (60) by the amount of each specified rental payment ($915.43). The product of this calculation was a total rental of $54,925.80. The lease provided that if the lessee failed to make a rental payment when due, the lessor at its option and upon notice to the lessee, might declare the entire unpaid rental immediately due and payable, and without terminating the lease, might repossess the leased equipment and either relet the equipment to a third party or sell it to the highest bidder at public or private auction. In the event of such reletting or sale, the net proceeds, after deducting the lessor's expenses, were to be applied to the total unpaid rental and other sums payable by the lessee under the lease. If there should be any deficiency after such application, the lessee remained obligated to the lessor for that sum.

An almost identical equipment lease provision was upheld as an agreement for liquidated damages, rather than a penalty, in *Blakeway v. National Credit Corp.*, 439 S.W.2d 155 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.). In *Blakeway*, the lessee was similarly obligated to pay a total sum of rent for the initial term of the lease, such sum to be computed by multiplying the specified rental installments by the total number of months within the initial lease term. The lessor was also granted the optional right to accelerate maturity of unpaid rental installments in the event of a default in the payment of monthly rental; the right to repossess and sell the leased property at public and private sale; and the right to sue for any deficiency, after making appropriate application of sale proceeds. The court held that the stipulated damage provision was an appropriate method, within the contemplation of the parties, for compensating the lessor in the event the contract was breached for non-payment of rental, and that the additional lease provisions for the sale of the leased equipment and for application of the net sale proceeds to the lessee's account, constituted an agreement for the mutual benefit of the parties.

The defendants rely upon three cases to support their contention that the lease contract should be construed as providing for a penalty, rather than liquidated damages: *American Lease Plan v. Ben-Kro Corp.*, 508 S.W.2d 937 (Tex.Civ.App.—Houston (1st) 1974, writ ref'd n. r. e.); *Walter E. Heller & Co. v. Allen*, 412 S.W.2d 712 (Tex.Civ.App. —Corpus Christi 1967, writ ref'd n. r. e.); and *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484 (1952). There are features in each of these cases which distinguish them from the facts in the present case. In the case at bar the lease contract clearly obligates the lessee to pay a total sum of rental for the initial lease term; it expressly authorizes the lessor, at its option, to accelerate maturity of unpaid rental installments in the event of a default in the rental payment; and it provides for a means of disposition of the leased equipment for the mutual benefit of the parties and with appropriate credit to the lessee's account. See *Blakeway v. General Electric Credit Corp.*, 429 S.W.2d 925, 929 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.).

The judgment of the trial is reversed and the cause is remanded.