**Ernest A. DEMO et ux., Appellants,**

v.

**Richard C. GOFORTH, Appellee.**

**No. 15856.**

Court of Civil Appeals of Texas,
San Antonio.

Sept. 21, 1977.

Martin E. Richter, San Antonio, for appellants.

Lonnie W. Duke, San Antonio, for appellee.

MURRAY, Justice.

This is a judgment lien foreclosure case ordering the seizure and sale of Lot Nineteen (19), Block Twenty (20), New City Block Two Thousand Fifteen (2,015), in San Antonio, Bexar County, Texas in satisfaction of an Abstract of Judgment.

Prior to June 2, 1975, Friend Anthony Bennett and wife, Bertha Bennett, sold the aforementioned property by Contract of Sale to Cristelo Juarez and wife, R. Matilde Juarez.

On October 7, 1975, a default judgment was rendered in favor of appellee and against Friend Anthony Bennett and wife, Bertha Bennett, in Cause No. 102,180 in the County Court at Law No. Five of Bexar County, Texas for the sum of Two Thousand Forty-Two Dollars and Ninety-Two Cents ($2,042.92) plus attorneys' fees of Seven Hundred Dollars ($700.00), Nine percent (9%) interest and cost of Court. Appellee abstracted and recorded the judgment on November 13, 1975.

On February 6, 1976, Friend Anthony Bennett and wife assigned Cristelo Juraez and R. Maltilde Juarez' Contract of Sale to appellants, Ernest A. Demo et ux.

On December 20, 1976, the court, in a non-jury trial, rendered judgment for the appellee, Richard C. Goforth, finding that appellee had a valid lien, ordering the Judgment Lien be foreclosed, and ordering the seizure and sale of Lot Nineteen (19), Block Twenty (20), New City Block Two Thousand Fifteen (2,015), San Antonio, Bexar County, Texas, from which this appeal has been duly perfected.

This appeal is presented on two points of error contending the trial court erred in granting foreclosure of appellee's judgment lien for the reason that appellee's Abstract of Judgment is fatally defective in that it does not meet the requirements of law and in not abating this cause until all necessary and indispensable parties were joined.

The sole question involved in appellants' first point is whether the abstracted judgment was sufficient to establish a judgment lien against the property in question since the clerk's certificate fails to show the birthday and driver's license number of the defendant, if available to the clerk of the court, and defendant's address if shown in the suit in which judgment is rendered, and if not, the nature of citation and the date and place citation is received. Tex.Rev.Civ. Stat.Ann. art. 5447 (1958).

Appellee contends the appellants' points should be overruled because appellants did not raise the improperly abstracted judgment lien in their motions for new trial. A motion for new trial is not a prerequisite to appeal in a non-jury case. Tex.R.Civ.P. 324. Although some courts have held that such a motion, if filed, must

assign all the errors complained of on appeal, the law is now settled that appellant is not limited to the errors assigned in a nonmandatory motion. *Boswell v. Handley,* 397 S.W.2d 213 (Tex.1965).

We do not reach the merits of appellants' challenge to the Abstract of Judgment on the basis that it does not meet the requirements of law. In reaching such conclusions, it is to be emphasized that the appellants filed in the trial court only a general denial and a plea of abatement. The Abstract of Judgment was admitted in evidence without objection. No mention of illegality of the Abstract of Judgment was made in the appellants' motion for directed verdict or in their motion for new trial. As far as can be determined from the record, their point is raised for the first time on appeal. The challenge of illegality we hold under the circumstances to be an affirmative defense which, not having been plead by the appellants as required by Rule 94, Tex.R. Civ.P., was waived. Our Supreme Court, in the case of *Mabry v. Priester,* 161 Tex. 173, 338 S.W.2d 704 at page 706 (1960), involving suit for fees by an unlicensed architect, stated:

> Rule 94, Texas Rules of Civil Procedure, places the obligation upon the defendant to plead illegality affirmatively as a defense. That rule should not be construed to limit illegality as an affirmative defense to contracts which are prohibited by law, but to include contracts rendered unenforceable because of some failure to comply with the law.

> \*    \*    \*    \*    \*    \*

> Rule 94 serves a most useful and important purpose in our practice. If followed uniformly, it will make for more certainty in cases like the instant one. We can perceive of no reason why this case should not fall within the terms of that rule and accordingly we hold that if petitioner was not in fact an architect in good standing when he made the contract and performed the services alleged, then his contract was illegal and respondent should have affirmatively pleaded its illegality.

No reason is perceived why the same ruling should not apply to a suit involving an Abstract of Judgment. *See also City of South Houston v. Sears,* 488 S.W.2d 169 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

Appellants assign as error the failure of the trial court to require Cristelo Juarez and R. Maltilde Juarez be joined as parties to this suit. Since appellee was seeking to acquire by seizure and sale only the appellants' interest in the subject property, which they had acquired from the judgment debtor, and not alleging a cause of action involving the executory contract of sale, Mr. and Mrs. Juarez were not necessary parties to this suit. Tex.R.Civ.P. 39; *Campbell v. Jefferson,* 453 S.W.2d 336 (Tex. Civ.App.—Tyler 1970, writ dism'd); 44 Tex. Jur.2d *Parties* § 3, at 134 (1963), *et seq.* Appellants' second point of error is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.