**CITY OF SOUTH HOUSTON, Appellant,**

v.

**Will SEARS et al., Appellees.**

**No. 672.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 15, 1972.

Rehearing Denied Dec. 13, 1972.

———◆———

John Gano, Jamail & Gano, Houston, Charles B. Spicer, Jr., Pasadena, for appellant.

David F. Beale, Houston, for appellees.

SAM D. JOHNSON, Justice.

This case arose out of an alleged contract for legal services to be performed by attorneys Will Sears and Robert L. Burns, plaintiffs below and appellees here, for the City of South Houston, defendant below and appellant here. Trial was before the court without intervention of a jury. Following the trial, judgment was rendered for the plaintiffs, Sears and Burns, in the sum of $3,976.30 plus interest. Upon request the trial court made certain findings of fact and conclusions of law. The City of South Houston duly perfects this appeal.

In the trial court Sears and Burns contended that Ordinance No. 529 of the City of South Houston and their written acceptance of said Ordinance constituted the written contract upon which their action was brought. The Ordinance purported to employ the law firm of Sears and Burns as "Special Counsel" for the City of South Houston. Such employment authorized Special Counsel to examine the ordinances of the City relating to appointment and removal of officers and employees and to render an opinion to the City Council relative thereto, and the power and authority of the City Council to adopt rules governing its proceedings. Further, Special Counsel was, at the request of the City Council, to prepare and submit ordinances making provisions for the appointment and removal of various officers and employees of the City. In addition, Special Counsel was to render other opinions and perform other services as the City from time to time might request. The Ordinance further provided for the City to pay the attorneys for their services as Special Counsel, according to the trial court's finding of fact, $500.00 upon their acceptance of the ordinance and at a specified hourly rate for the time expended in excess of the first 14 hours. Section 3 of the ordinance then provided:

"Upon Special Counsel filing the written acceptance of the provisions of this Ordinance with the City Secretary, this Ordinance shall constitute and be a contract of employment by and between the City of South Houston and Special Counsel."

At the time of the events being related the government of the City of South Houston was in a state of sharp division. Four of the five members of the Council voted as a group and had numerical control of the City Council. The Mayor and one other Councilman were opposed to such majority. It was under these circumstances that Ordinance No. 529 was first adopted on June 1, 1965, by the affirmative votes of the four majority Councilmen. On June 2, 1965, however, the Mayor of the City of South Houston, G. W. Christy, vetoed the Ordinance. On June 4, 1965, at a meeting of the City Council, the Ordinance was adopted over Mayor Christy's veto by a vote of four affirmative votes to no negative votes. Appellant attempts to challenge the validity of this meeting on the ground that it was not called by the Mayor or Assistant Mayor and that neither of those officers had notice of the meeting as required by law. On June 7, 1965, Sears and Burns accepted the provisions of Ordinance No. 529 by letter to the City Secretary.

Thereafter, on August 3, 1965, a resolution was passed by the City Council by the terms of which Sears and Burns were au-

thorized to write ordinances governing appointment and removal of officers and employees of the City. Pursuant to such resolution the attorneys prepared three ordinances. Ordinance No. 533 abolished the office of City Attorney, Ordinance No. 534 authorized the City Council from time to time to enter into agreements with an attorney designated as "Corporation Counsel" to render legal advice to the City and represent the City in litigation. Ordinance No. 535 created the position of "General Superintendent" of the City of South Houston. In addition, Ordinance No. 533 provided:

"Nothing herein shall affect the otherwise existing right and power of the City of South Houston to employ special counsel to aid and assist such Corporation Counsel in specific matters, or shall affect the existing agreement with special counsel."

Subsequent events show that on October 27, 1965, the Mayor of the City, G. W. Christy, brought suit in his individual and official capacity against the new General Superintendent of the City and the four majority Councilmen in their individual and official capacities. The suit, styled Christy v. Jones, alleged in substance that by adopting Ordinance No. 535 and employing the General Superintendent that the defendants in that suit were preempting the Mayor's powers. The suit also, among other things, sought an injunction against the defendants and a declaration that Ordinance No. 535 was invalid.

The Corporation Counsel for the City of South Houston, Mr. Jerden, requested the assistance of Sears and Burns in the defense of such suit. The record shows that Sears and Burns were retained as Special Counsel therein and rendered services in the defense of such action. The trial court in that suit subsequently declared that the City of South Houston's Corporation Counsel, Mr. Jerden, and attorneys Sears and Burns, were disqualified from representing the defendants therein on the ground that said attorneys had a conflict of interest because the plaintiff in that case, George W. Christy, was Mayor of the City.

Messrs. Sears, Burns, Jerden, the General Superintendent and the four Councilmen then filed for a writ of mandamus in the Supreme Court of the State of Texas attacking the order disqualifying the attorneys, and seeking the reinstatement of Corporate Counsel Jerden and Special Counsel Sears and Burns as attorneys for the defendants in that suit styled Christy v. Jones.

Upon suggestion from the Supreme Court the City of South Houston sought to intervene in Christy v. Jones. This was done pursuant to still another ordinance, No. 538. The City was then granted leave to intervene and its original answer filed. Sears and Burns however, along with the City's Corporation Counsel, were denied the right to appear as counsel for the City.

With respect to the mandamus action, relators' amended motion for leave to file petition for writ of mandamus was granted by the Texas Supreme Court on March 9, 1966, and the cause was set for submission. Before the submission date in that court, however, an election for councilmen for the City of South Houston was held, resulting in the election to the City Council of a new majority backing the Mayor and unfavorably disposed to the position of the four aldermen in Christy v. Jones. Thereafter, on April 12, 1966, Ordinance No. 535 (the ordinance creating the position of General Superintendent) was repealed, the plaintiffs in Christy v. Jones took a nonsuit and the mandamus action was dismissed as moot by the Supreme Court.

The plaintiffs, Sears and Burns, prepared three statements for the legal services performed in connection with the foregoing. It was stipulated that the work was done and that the fees charged were reasonable. The statements were not paid and this suit to recover such fees was filed on

April 13, 1969. As previously noted this suit was to recover attorney's fees for the services alleged to have been performed pursuant to a written contract. Trial was had to the Court without intervention of a jury. The City filed a general denial and a plea of limitations only. At the conclusion of the trial the court entered judgment for Sears and Burns in the amount aforementioned and subsequently made its findings of fact and conclusions of law. It is from that judgment that the City of South Houston has perfected this appeal.

The appellant, City of South Houston, in thirty-seven points of error asserts error on the part of the trial court with respect to an extended number of these findings. It is unnecessary to recite all the factual findings of which appellant here complains for we conclude they are based upon sufficient evidence. Indeed as to most of these factual findings the City offers no real showing of a lack of evidence to support them despite its claim of error.

It is with respect to the conclusions of law that the appellant, City of South Houston, centers its main efforts in this appeal.

As we understand the City's position, it makes five principal contentions. First, it contends that because of various deficiencies in the meetings at which Ordinance No. 529 was adopted it was invalid and therefore, a written contract was never executed by the City. Second, it urges that if a contract was executed it was illegal because there was neither provision in the law for "Special Counsel" nor authority for the City Secretary to disburse funds. Third, it contends the debt sued upon was unconstitutional by virtue of Sections 5 and 7 of Article 11 of the Texas Constitution, Vernon's Ann.St., because there was no concurrent provision for assessing and collecting a sum sufficient to pay the interest on it when the ordinance was passed. Fourth, it argues that the conflict of interest on the part of attorneys Sears and Burns in performing for the City a part of the services sued for relieves it of any liability in connection with such services. Fifth, it contends that if, contrary to its position, a contract is found to exist, it is one not in writing and, therefore, is one coming within the two year statute of limitations, Vernon's Tex.Rev.Civ.Stat.Ann. art. 5526 (1965), and thereby the contract action is barred.

We do not reach the merits of appellant's challenges to the alleged contract on the basis of failure of execution, illegality and unconstitutionality. In reaching such conclusion it is to be emphasized that the City filed in the trial court only a general denial and a plea of the two year statute of limitations, Art. 5526.

■ The first challenge, failure of execution, requires a verified plea. Rule 93(h) Texas Rules of Civil Procedure. Here a copy of the ordinance was attached to plaintiff's first amended original petition. The City made no sworn denial of its execution or of the authority of the City Council to execute it. The defense was therefore waived. City of Groves v. Ponder, 303 S.W.2d 485 (Tex.Civ.App.— Beaumont 1957, writ ref'd n. r. e.).

The last two challenges, illegality and unconstitutionality, we hold under the instant circumstances to be affirmative defenses which, not having been plead by the City as required by Rule 94, Tex.R.Civ.P., were also waived.

■ There is no indication of illegality in the asserted contract on the face of plaintiff's petition. In such circumstance illegality or failure of the contract to comply with the law is an affirmative defense which must be plead if it is to be relied upon as a defense to the contract action. Mabry v. Priester, 161 Tex. 173, 338 S.W. 2d 704 (1960); Rule 94, Tex.R.Civ.P.

■ It is true that Rule 94, Tex.R.Civ. P., does not specifically mention "unconstitutionality" as an affirmative defense, but it is also true that the list of

affirmative defenses is not limited to those expressly enumerated therein. It also includes " . . . any other matter constituting an avoidance or affirmative defense." As with illegality, there is no indication on the face of plaintiff's petition of any unconstitutionality. Unconstitutionality, as here argued, is asserted to avoid liability and as a defense to the contract. Though not expressly elaborating on this point the opinion of the Texas Supreme Court in State v. Scott, 460 S.W.2d 103, 107 (Tex.Sup.1970), cert. denied, 402 U.S. 1012, 91 S.Ct. 2188, 29 L. Ed.2d 435 (1971), gives support to the conclusion that unconstitutionality is an affirmative defense within the meaning of the rule.

It is to be noted in this connection that the City, though not having plead these defenses, sought to elicit testimony relative to them at trial. Such attempt was met with strong and timely objection. Even so, the City made no attempt to cure its pleading defects by trial amendment. It is quite clear that there was no trial by consent on these issues and they cannot now be properly raised in this Court. The City's Ordinance and its written acceptance by Sears and Burns is therefore seen to be an enforceable contract in writing and not within the contemplation of the two year statute of limitations, Art. 5526.

It remains only to consider whether the services of Sears and Burns rendered in the defense of the four Councilmen and the Superintendent in Christy v. Jones and the subsequent mandamus action were services arising out of the contract (Ordinance No. 529 and Sears and Burns written acceptance) with the City of South Houston. We conclude that they were.

Ordinance No. 529 provided that Special Counsel should render opinions on such subjects and perform such other services as the City Council might from time to time request. In addition, a subsequent resolution of the City Council, that of October 5, 1965, authorized the City's Corporation Counsel, Mr. Jerden, to secure Special Counsel as it becomes necessary if an Ordinance was contested in court.

The suit filed on October 27, 1965, by Mayor Christy sought among other things to have Ordinance No. 535 declared invalid. Such suit in legal effect was one against the City. It was as a result of such suit that, according to the unchallenged findings of fact, the City's Corporation Counsel, Mr. Jerden, acting under the above authority and on behalf of the City requested the assistance of Sears and Burns in the defense of such lawsuit. Clearly the services rendered by Sears and Burns were within the contemplation of the contract. The fact that it was not expressly identified in the contract is not controlling. See International Printing Pressmen and Ass'ts Un. v. Smith, 145 Tex. 399, 198 S.W.2d 729 (1946).

The City contends that even if the above is true then the trial court's determination that Sears and Burns had a conflict of interest relieved it from contractual liability for those services and those following in the mandamus action. We do not consider whether the conflict determination made by the court in Christy v. Jones relieves the City of its obligation to pay for the services it was rendered, for we hold this contention to be an affirmative defense also. The City did not plead conflict of interest at trial and Sears and Burns objected to the City's line of questioning designed to raise this issue. Again the City offered no trial amendment. The issue of conflict of interest, like those of illegality and unconstitutionality, were not tried by consent, and not having been properly plead they may not be asserted at this juncture.

Appellant's points of error are overruled. The judgment of the trial court is affirmed.