MOBILE AMERICA SALES CORPORA-
TION and Ford Motor Credit
Company, Appellant,

v.

Hazel N. RIVERS, Appellee.

No. 15797.

Court of Civil Appeals of Texas,
San Antonio.

Sept. 14, 1977.

Rehearing Denied Oct. 12, 1977.

Terry Topham, Sawtelle, Goode, Davidson & Troilo, James L. Branton, Hardberger, Branton & Herrera, Inc., San Antonio, for appellant.

Barry Snell, Bayne, Snell & Krause, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit for damages and statutory penalties under the Texas Deceptive Trade Practice Act and the Texas Consumer Credit Code. The parties subsequently compromised and settled the deceptive trade practice cause of action and also a cross action by Mobile America Sales Corporation against the manufacturer, Craftmade Homes. The appeal before us involves only the alleged violations of the Texas Consumer Credit Code. Appellee, Hazel N. Rivers, filed a motion for partial summary judgment pertaining to violations of the Texas Consumer Credit Code against appellants, Mobile America Sales Corporation, and Ford Motor Credit Company. This motion was granted by the trial court, the trial court finding, as a matter of law, the following specific violations of Chapter VII of the Texas Consumer Credit Code, Tex.Rev. Civ.Stat.Ann. arts. 5069–7.01 [et seq.] (1971) [1]:

1. The selling or procuring of property insurance at a premium or rate of charge not fixed or approved by the State Board of Insurance, without disclosing such fact to appellee, as required by art. 5069–7.06(3).

2. Requiring property insurance in connection with the transaction, without furnishing appellee a statement which clearly and conspicuously states such insurance is required, as required by art. 5069–7.06(3).

3. Failing to make an accurate disclosure of the kind, coverage, term and amount of premium for the property insurance required in connection with the transaction, as required by 5069–7.06(5).

1. All references herein are to Tex.Rev.Civ.Stat. Ann.

4. Including within the retail installment contract a provision whereby the buyer agrees not to assert against the seller or holder any claim or defense arising out of the sale, in violation of art. 5069–7.07.

Final judgment was entered in favor of appellee against appellants, jointly and severally, in the sum of $27,218.52, interest, and stipulated attorney's fees.

Appellee will be sometimes hereinafter referred to as Rivers; appellant, Mobile America Sales Corporation, as Mobile America; and appellant, Ford Motor Credit Company, as Ford Credit.

This suit arose from a credit purchase of a 1974 Craftmade Mobile Home by Rivers from Mobile America, evidenced by certain instruments, including a Customer Order Form dated June 1, 1974, and a Texas Automobile Retail Installment Contract dated June 28, 1974. The installment contract was transferred and assigned by Mobile America to Ford Credit. Rivers alleged in her petition that the Code provides for penalties in an amount twice the time price differential and default and deferment charges; that the time price differential was $12,889.26; the default charges were $5.00 per installment for 144 installments, or $720.00; that appellee is entitled to twice such sums, or $27,218.52, plus reasonable attorney's fees; and that Mobile America and Ford Credit are jointly and severally liable for such amounts.

The trial court found appellants guilty of four different violations of the Consumer Credit Code. Multiple penalties, that is, a separate penalty for each violation, were not requested or awarded. It was not necessary for appellee to secure favorable findings on all of the various alleged violations, and the finding of the court of one specific violation, if correct, is a sufficient basis for the recoveries herein allowed.

We will first consider appellants' points of error which pertain to the court's finding that appellants had violated the Texas Consumer Credit Code by selling or procuring property insurance at a premium or rate of charge not fixed or approved by the State Board of Insurance, without disclosing such

fact to appellee, as required by the Code. By such points of error, appellants assert that the trial court erred in finding, as a matter of law, that (1) appellant sold or procured property insurance at rates not fixed or approved by the State Board of Insurance, without disclosing such fact to appellee; (2) the term "fixed or approved" is of uncertain meaning, ambiguous, and therefore unenforceable; (3) the complained of findings are based upon an affidavit which is a conclusion of law and therefore insufficient to support the judgment; and (4) there were no pleadings to support such finding, appellee's second supplemental petition having the effect of an amended petition which negated all prior pleadings.

The pertinent provisions of the Texas Motor Vehicle Installment Sales Act, art. 5069, may be summarized as follows:

1. Art. 7.01. "Motor Vehicle" means . . . motor home.

2. Art. 7.02(1). Each retail installment contract shall be in writing, dated, signed by both the buyer and seller, and completed as to all essential provisions before it is signed by the buyer. . . .

3. Art. 7.06(3). When insurance is required in connection with such a contract or agreement made under this Chapter, the seller or holder shall furnish the borrower a statement which shall clearly and conspicuously state that insurance is requested or required in connection with the contract. . . . In addition *when any requested or required insurance is sold or procured by the seller or holder at a premium or rate of charge not fixed or approved by the State Board of Insurance, the seller or holder shall include such fact in the foregoing statement.* . . . Such statement or statements may be made in conjunction with or as a part of the retail installment contract required by Article 7.02. (Emphasis added).

4. Art. 8.01. Any person who violates this Subtitle by contracting for, charging or receiving interest, time price differential or other charges which are greater

than the amount authorized by this Subtitle, *or by failing to perform any duty specifically imposed on him by any provision of this Subtitle*, shall forfeit to the obligor twice the amount of interest or time price differential and default and deferment charges contracted for, charged or received, and reasonable attorney's fees fixed by the court, provided there shall be no penalty for a violation which results from a bona-fide error. (Emphasis added).

It is undisputed that insurance was required in the case before us. Appellee asserts that the summary judgment evidence establishes, as a matter of law, that the insurance was sold at rates not fixed or approved by the State Board of Insurance, and such evidence also establishes, as a matter of law, that appellants did not make the disclosure required by the code in this regard.

The retail installment contract here involved specifically states that physical damage insurance is required by this contract. The insurance portion of such contract contains this provision:

☐ If checked, the premium for such insurance included herein is at a rate of charge not fixed or approved by the State Board of Insurance of Texas.

☐ Such box was not checked.

The physical damage insurance in this case was written by Mobile County Mutual Insurance Company. Art. 17.22 of the Texas Insurance Code reads as follows:

County mutual insurance companies shall be exempt from the operation of all insurance laws of this State, except as in this Chapter specifically provided.

The article then goes on to list specific exceptions to this rule, but none of such exceptions authorizes the State Board to fix or set rates.

Appellee, in support of her motion for partial summary judgment, filed an affidavit made by Joseph D. Hawkins, the Commissioner of Insurance of Texas. In such affidavit, Commissioner Hawkins states:

I certify and attest that the mobile home insurance rates of MOBILE COUNTY MUTUAL INSURANCE COMPANY are not fixed or approved by the State Board of Insurance.

The basic thrust of appellants' first three points of error may be summarized as follows:

1. Assuming, for purposes of argument, that the premiums for the required physical damage insurance written by Mobile County Mutual Insurance Company in this transaction were not fixed or approved by the Board, the Consumer Credit Code only requires the facts to be disclosed to the buyer; the statute does not provide that such declaration be contained in the retail installment contract; that such disclosure can be made by other means; and that appellee did not prove that appellants failed to perform any duty specifically imposed on them.

2. The term "fixed or approved" is of uncertain meaning, ambiguous, and therefore unenforceable.

3. The finding of the trial court was based on the affidavit of Hawkins, which affidavit is a conclusion of law and is not sufficient to support the summary judgment.

We find no merit in these points of error.

With regard to appellants' contention that the disclosure need not be made in the retail installment contract, a careful reading of art. 7.06(3) shows an intent that it be in the document forming the credit transaction, which in this case was the retail installment contract. It is noteworthy that the contract here involved specifically contains a box which was to be checked if the premiums were at a rate or charge not fixed or approved by the State Board of Insurance, and that this box was not checked. The buyer could logically assume that since such box was not checked, the rates were fixed or approved. Although appellants talk about separate disclosures of such information, there is nothing in the summary judgment evidence to indicate that any separate disclosure was in fact made.

■ Appellants also argue that: (1) county mutual insurance companies must fix and determine their rates or charges in their by-laws, and that such by-laws must be filed with the State Board of Insurance before a county mutual insurance company can receive charter; (2) that all amendments to the by-laws must also be approved; (3) that this is tantamount to the Insurance Board fixing or approving the rates of county mutual insurance companies. We disagree.[2]

■ We find nothing ambiguous or uncertain about the term "fixed or approved" as used in the statute.

■ Appellants also contend that the trial court's finding that they sold or procured property insurance at rates or charges not fixed or approved by the State Board of Insurance, without disclosing such facts to appellee, is without support in the pleadings. Such contention is based upon appellants' assertion that the only pleadings to support such finding are found in appellee's first supplemental petition and appellee's second supplemental petition; that such pleadings were in fact amended pleadings, which supplanted the instruments to which they amended; and that the amended pleadings must stand alone unaided by the previous pleading; and as such, were insufficient to support the court's findings.

It is to be noted that appellants did not object or except to either pleadings and no complaint was made to any of such petitions until after judgment was rendered. It appears obvious from the reading of the petitions involved that they were intended as additions to, rather than replacement of, prior pleadings. They were so treated by all the parties.

In 2 R. McDonald, Texas Civil Practice § 8.01.4 (1970), it is said:

Though a supplemental or an amended pleading should be so endorsed, a misnomer normally is not important. A pleading which in fact is a supplemental pleading may inadvertently be denominated an amended pleading, and vice versa. In the absence of a special exception directly challenging the misnomer, the pleading will be construed according to its contents rather than its endorsement. So, absent such an exception, a pleading endorsed as a supplemental pleading may be treated as an amendment to the claim or defense alleged in the original pleading and may be allowed to aid it, the two being considered together, to determine whether the plaintiff has sufficiently alleged his claim, or the defendant his defense. This rule has been applied to sustain a plaintiff's recovering upon an alternative theory alleged only in his 'supplemental' petition. * * * But absent a special exception pointing out the misnomer, a liberal construction is preferable, and no objection is made in the trial court to the erroneous endorsement, it is futile to reverse a judgment, otherwise correct upon the merits, to compel a correction of formal paper work.

■ Appellants also urge that the trial court erred in entering judgment awarding appellee statutory penalties prescribed by Chapter VIII of the Texas Consumer Credit Code, in that the imposition of the statutory penalties amounts to an excessive fine which is prohibited by the Constitution of the State of Texas, Art. I, § 13, and Amendment VIII of the Constitution of the United States of America. Appellants did not plead unconstitutionality in the court below. Unconstitutionality of a statute is an affirmative defense which must be plead. *State v. Scott*, 460 S.W.2d 103, 107 (Tex. 1970), *cert. denied*, 402 U.S. 1012, 91 S.Ct. 2188, 29 L.Ed.2d 435 (1971); *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.); *City of South Houston v. Sears*, 488 S.W.2d 169 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

In *City of Houston v. Sears, supra*, the court said:

It is true that Rule 94, Tex.R.Civ.P., does not specifically mention 'unconstitu-

2. *See* Tex.Atty.Gen.Op. No. WW–401 (1958).

tionality' as an affirmative defense, but it is also true that the list of affirmative defenses is not limited to those expressly enumerated therein. It also includes '. . . any other matter constituting an avoidance or affirmative defense.' As with illegality, there is no indication on the face of plaintiff's petition of any unconstitutionality. Unconstitutionality, as here argued, is asserted to avoid liability and as a defense to the contract. Though not expressly elaborating on this point the opinion of the Texas Supreme Court in *State v. Scott*, 460 S.W.2d 103, 107 (Tex.Sup.1970), cert. denied, 402 U.S. 1012, 91 S.Ct. 2188, 29 L.Ed.2d 435 (1971), gives support to the conclusion that unconstitutionality is an affirmative defense within the meaning of the rule. 488 S.W.2d at 173–74.

\* \* \* \* \* \*

The last two challenges, illegality and unconstitutionality, we hold under the instant circumstances to be affirmative defenses which, not having been plead by the City as required by Rule 94, Tex.R. Civ.P., were also waived. 488 S.W.2d at 173.

Appellants' points of error pertaining to the unconstitutionality of the statute are overruled.

In view of our holding herein, we do not deem it necessary to pass on or discuss appellants' points of error which pertain to other alleged violations. The trial court's finding as to one violation, if correct, is sufficient under the Motor Vehicle Installment Sales Act to hold appellants liable for the statutory penalties here awarded.

The judgment is affirmed.