**FORD MOTOR CREDIT COMPANY, Appellant,**

**v.**

**Sylvia D. SYLER, Appellee.**

**No. 5426.**

Court of Civil Appeals of Texas, Eastland.

May 22, 1980.

Rehearing Denied May 21, 1981.

Walter Conrad & Randall A. Hopkins, Baker & Botts, Houston, Rick F. Rogers, Jr., Porter, Gonzalez & Rogers, Corpus Christi, for appellant.

Marcel S. Greenia, Law Offices of Marcel S. Greenia, Corpus Christi, for appellee.

DICKENSON, Justice.

The question is whether the summary judgment proof established a violation of the Texas Consumer Credit Code.[1]

Sylvia D. Syler sued Ford Motor Credit Company for alleged violations of the Texas Consumer Credit Code, supra, in connection with her purchase on July 1, 1977, of a new 1977 Ford Mustang automobile from Tradewinds Ford Sales, Inc. of Corpus Christi. Mrs. Syler made a cash downpayment and "traded in" her 1972 Chevrolet Vega automobile, leaving an unpaid balance which she financed under a retail installment contract. That contract was assigned to Ford Motor Credit Company by Tradewinds. After granting a partial summary judgment for three "violations" of the Texas Consumer Credit Code, supra, and conducting a nonjury trial which was limited to the issue of attorney's fees, the trial court rendered judgment for Mrs. Syler for $2,807.40 (being twice the amount of the finance charge) and attorney's fees of $1,500.00. Ford Credit appeals. We affirm.

Based upon Ford Credit's answers to interrogatories under Tex.R.Civ.P. 168 and admissions under Tex.R.Civ.P. 169, the trial court found that Ford Credit violated the Texas Consumer Credit Code, supra, in the following respects:

(1) By failing to clearly and conspicuously state that Buyer had the option of furnishing the required insurance either through existing policies of Insurance owned or controlled by her or of procuring equivalent Insurance coverage through any Insurance Company authorized to transact business in Texas, all in violation of Article 5069–7.06(3);

---

1. It should be noted that there is no Texas Consumer Credit Code within the meaning of the statutory revision program under Tex.Rev. Civ.Stat.Ann. art. 5429b–1 (Vernon Supp.1980). The alleged violations actually refer to Tex.Rev. Civ.Stat.Ann. art. 5069–7.06, 5069–7.07, 5069–8.02, 5069–14.04 and 5069–14.10 (Vernon Pamphlet Supp.1979). For clarity and convenience we will refer to these statutes as the Texas Consumer Credit Code.

(2) By failing to advise Buyer that she had the option for a period of five days from the date of the contract for the furnishing of the required insurance coverage either through existing policies of Insurance owned or controlled by her or of procuring and furnishing equivalent Insurance coverage through any Insurance Company authorized to transact business in Texas, all in violation of Article 5069–7.06(3);

(3) By failing to clearly and conspicuously state that Physical Damage Insurance was required in connection with the contract, all in violation of Article 5069–7.06(3).

Each of these findings is challenged by Ford Credit; however, we need not discuss these findings or the points of error relating to them in view of our holding on Appellee Syler's first cross-point. A single violation will sustain the judgment which was rendered in this case. *Mobile America Sales Corporation v. Rivers*, 556 S.W.2d 378, at 383 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.).

The first cross-point states that the uncontroverted evidence shows that the contract in question "fails to disclose to the Buyer that the Property Damage Insurance procured by the Seller in this transaction was for a premium or rate of charge not fixed or approved by the State Board of Insurance." We sustain this cross-point.

The summary judgment proof establishes: (1) Comprehensive and collision insurance was financed for a 12 month period at a premium of $792.00; (2) The applicable block was not checked to indicate that the premium for such insurance was at a rate which was "not fixed or approved" by the State Board of Insurance; (3) That insurance was procured through Progressive County Mutual; (4) Progressive County Mutual writes insurance at rates which are not fixed or approved by the State Board of Insurance; and (5) Ford Credit mailed a "Correction Notice" to Sylvia Syler which was dated October 26, 1977, and which read as follows:

Dear Customer,

As a result of our review of your account we note the following:

> *If* physical damage insurance written by a county mutual insurance company was included in your agreement, your agreement *may not* have indicated that the rate charged for such insurance was not fixed or approved by the Texas State Board of Insurance. The rate for such insurance was not so fixed or approved. (emphasis added)

In all other respects, your agreement with us remains at stated. Please keep this notice for your records.

Very truly yours,
Ford Motor Credit Company

When Mrs. Syler's installment contract was transferred to Ford Credit, Tex.Rev. Civ.Stat.Ann. art. 5069–7.06(3) (Acts 1967, 60th Leg., p. 653, Ch. 274) read as follows:

(3) When insurance is required in connection with such a contract or agreement made under this Chapter, the seller or holder shall furnish the borrower a statement which shall clearly and conspicuously state that insurance is requested or required in connection with the contract, and that the buyer shall have the option of furnishing the required insurance either through existing policies of insurance owned or controlled by him or of procuring and furnishing equivalent insurance coverages through any insurance company authorized to transact business in Texas. In addition when any requested or required insurance is sold or procured by the seller or holder at a premium or rate of charge not fixed or approved by the State Board of Insurance, the seller or holder shall include such fact in the foregoing statement, and the buyer shall have the option for a period of five days from the date of the contract or agreement of furnishing the required insurance coverage either through existing policies of insurance owned or controlled by him or of procuring and furnishing equivalent insurance coverages through any insurance company authorized to transact business in Texas. Such statement or statements may be made in con-

junction with or as part of the retail installment contract required by Article 7.02.

The 1979 amendment to this provision (Vernon Pamphlet Supp.1979) made minor changes in the text and extended the option period from 5 days to 10 days.

We also note that Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(c)(2) (Vernon Pamphlet Supp. 1979) creates a complete defense for a party such as Ford Credit if they correct any violation of the Consumer Credit Code within 60 days after August 31, 1977, "by performing the required duty" if the buyer has not given written notice of the violation or filed an action alleging the violation.

We hold that the "Correction Notice" in this case does not perform the duty which was required by Article 5069–7.06(3) of informing Mrs. Syler that the required insurance was sold "at a premium or rate of charge not fixed or approved by the State Board of Insurance." Consequently, Ford Credit is in violation of that requirement, and under Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(b) (Vernon Pamphlet Supp. 1979) is liable for "twice the time-price differential" and attorney's fees, as found by the trial court.

The second cross-point seeks additional penalties because of "prohibited conditions of acceleration" and "contracting for" the collection of time-price differential in excess of double the amount authorized by law. This cross-point is overruled. See *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ.App.—Eastland, 1980), and the authorities discussed therein.

The last cross-point seeks additional penalties because of an alleged failure to disclose the "Documentary Fees" of $35.00 and the "State Inspection Fee" of $2.00, as required by Tex.Rev.Civ.Stat.Ann. art. 14.-04(d)(4) (Acts 1975, 64th Leg., p. 421, ch. 184, § 1). This cross-point is overruled. Those fees were in fact disclosed by the Seller on the instrument which is attached to Mrs. Syler's motion for partial summary judgment. Moreover, Chapter 14 of the Consumer Credit Code (Arts. 5069–14.01 to 5069–14.28) has been repealed. See *Nation-*

*al Carloading Corporation v. Phoenix-El Paso Express, Inc.,*142 Tex. 141, 176 S.W.2d 564, at 570 (1943, opinion adopted); *A 1962 International Truck v. State,* 503 S.W.2d 614 (Tex.Civ.App.—Eastland 1973, no writ).

The judgment of the trial court is affirmed.

RALEIGH BROWN, Justice.

I dissent. I would hold that the notice furnished Sylvia Syler by Ford Motor Credit Company adequately performed the required duty prescribed by Tex.Rev.Civ.Stat. Ann. art. 5069–7.06(3), and therefore complied with Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(c)(2).