**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SAN ANTONIO, Appellant,**

v.

**Roberto BUSTAMANTE et ux., Appellees.**

**No. 16328.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 26, 1980.

Walter W. Church, San Antonio, for appellant.

Dennis K. Drake, West & West, San Antonio, for appellees.

## OPINION

CADENA, Chief Justice.

Defendant, First Federal Savings and Loan Association of San Antonio, appeals from a judgment awarding plaintiffs, Roberto Bustamante and wife, Bertha Busta-

mante, damages and attorney's fees as a result of violations by defendant of the Texas Consumer Credit Code.

The claimed violations consist of (1) a failure to comply with the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–5.03 (Vernon 1967) which requires that when any requested or required insurance is sold or procured by the lender at a premium or rate of charge not fixed or approved by the State Board of Insurance, the lender shall include such fact in the Disclosure Statement; and (2) a failure to comply with Tex.Rev.Civ.Stat.Ann. art. 5069–14.05(c) (Vernon 1976) [1975 Tex.Gen.Laws, ch. 183, § 1, at 425; Repealed by Acts 1979, 66th Leg., p. 1595, ch. 672, § 51, eff. Aug. 27, 1979], which required that the annual percentage rate be disclosed to within an accuracy of one-fourth of one percent.

The trial court granted plaintiffs' motion for summary judgment, insofar as the statutory violations are concerned, and awarded plaintiffs statutory damages in the amount of $1,000.00 for the violation of section 14.-05(c), and statutory damages in the amount of $16,956.00 for the violation of section 5.03(3). Following a hearing concerning attorney's fees, the trial court awarded plaintiffs $4,000.00 as attorney's fees through the trial stage, with provisions for additional fees in the event of an appeal.

The documentary evidence establishes as a matter of law that the defendant required credit life insurance as a condition of the contract and that such insurance was procured by plaintiff. The premium charged for such insurance, which was financed by plaintiff, was $1,000.00. The disclosure statement does not reveal that such premium had not been fixed or approved by the State Board of Insurance.

Plaintiff's motion for summary judgment is supported by the affidavit of Robert C. McAnelly, manager of the credit life insurance section of the State Board of Insurance. This affidavit recites that the affiant, in his capacity as manager of such section, is familiar with and has knowledge of "those credit insurance premiums or rates which have been fixed or approved by the State Board of Insurance." This affiant then certifies that the "Credit Life Insurance premium or rate of charge of American National Insurance Company, shown on the attached Certificate Number L247763, under Group Policy Number 01–2725, is not and has never been fixed or approved by the State Board of Insurance."

The attached certificate reflects the credit life insurance purchased by plaintiffs in connection with the loan made by defendant.

■ The supporting affidavit is direct, positive and recites that the affiant has knowledge of the facts stated therein. Defendant did not, in the trial court, question the formal sufficiency of the affidavit, nor did it file any affidavit tending to show that the rates had been approved. The affidavit relied on by plaintiffs is sufficient, under these circumstances, to establish as a matter of law that the rates or premiums in question had not been fixed or approved by the State Board of Insurance. *See, Mobile America Sales Corp. v. Rivers*, 556 S.W.2d 378, 381 (Tex.Civ.App.—San Antonio 1977, writ dism'd).

■ Defendant's contention that the summary judgment cannot be upheld because there is no showing that the rate or premium charged for the credit insurance is unlawful, is without merit. The violation does not consist in the charging of an unlawful premium. A failure to disclose that the premium has not been approved is all that need be shown in order to establish the violation.

Defendant insists that the summary judgment record discloses at least the existence of an issue of material fact in connection with its asserted defense that the violation, if any, resulted from a bona fide error. In support of this contention defendant relies on the affidavits of Dave W. Statham, head of defendant's installment loan department, and Thomas M. Porter.

Porter's affidavit states that(1) he had been involved in the "credit life insurance field" since 1960, and had represented American National Insurance Company

since 1968; (2) American National had "advised" him that "group policies being used in the State of Texas to insure credit life risk with terms to ten years have been filed with the State Board of Insurance and that said policies have been approved by the State Board of Insurance"; (3) "all necessary approvals from the State Board of Insurance to issue this coverage have been obtained and the terms and conditions and rates are lawful and in compliance with the provisions of the Texas Insurance Code"; and (4) all of the "above information has been relayed to Dave W. Statham, Vice President of First Federal Savings and Loan Association of San Antonio with the authority to rely thereon."

In his affidavit Statham stated: (1) He was told by Porter that all necessary approvals had been obtained in reference to the insurance policies and, as a result, he never "made any disclosures that the rates were fixed or approved by the State Board of Insurance Company [sic] since [he] was under the impression that they were fixed or approved by the State Board of Insurance Commission." (2) In reference to the information supplied by Porter, Statham "never informed the consumers in any transactions and, in particular, the Roberto Bustamante transaction, that the rates were not fixed or approved since all along [he] thought the rates were fixed or approved." (3) "Until a Court proves different, it is still my impression from the information supplied to me by Thomas M. Porter; that all approvals for American National Insurance Company have been obtained and in particular, the policy which is the subject matter of this suit . . . ."

The Porter affidavit does not state that the rates or premiums had been approved by the State Board of Insurance. It establishes no more than that the group policies had been filed with and approved by the Board and that the rates are lawful. The same is true of the Statham affidavit, which merely recites that the affiant was told by Porter that all necessary approvals had been obtained in reference "to the insurance policies." The approval of "group policies" is one thing. The approval of

rates and premiums is another. All we have, then, is the statement by Statham that he "thought" the rates had been approved.

■ In advancing its defense of bona fide error, defendant relies on Tex.Rev.Civ. Stat.Ann. art. 5069–8.01(f) (Vernon 1977), which provides that a person is not liable if he shows by a preponderance of the evidence that "(1) the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such violation . . . ." We have in this case no summary judgment evidence which indicates that defendant had adopted any procedures reasonably calculated to avoid the violation in question. To take advantage of this defense, a creditor must show that procedures have been adopted which are designed to avoid and prevent the errors. *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 878 (7th Cir. 1976).

Plaintiffs' motion for summary judgment is supported by the affidavit of a certified public accountant that the annual percentage rate for the transaction in question is 13%. The disclosure statement recites an annual percentage rate of 11.60%.

■ Defendant offered the affidavit of Dave W. Statham to the effect that the interest charged by defendant in connection with this transaction did not exceed that permitted under Chapter 5 of the Consumer Credit Code. Defendant confuses the nature of the violation relied on by plaintiffs. Plaintiffs do not claim that they were charged an excessive rate of interest. They assert that the disclosure statement does not disclose the annual percentage rate within an accuracy of one-fourth of one percent. The uncontroverted affidavit of the certified public accountant establishes the existence of such violation, since the disclosure statement understates the annual percentage rate by more than one percent.

In its answer to plaintiffs' motion for summary judgment defendant asserted that plaintiffs are barred from recovering under the state statute for failure to accurately

disclose the annual percentage rate under the doctrine of *res judicata*, since that issue was litigated in a suit filed in federal court involving these plaintiffs and this defendant. No copy, certified or otherwise, of the judgment in the federal litigation is attached to defendant's response or to any of the supporting affidavits filed as part of such response. The response which sets up the defense of the bar of the former judgment is not verified.

There is attached to defendant's second amended original answer to plaintiffs' petition, a copy of a judgment rendered in the United States District Court for the Western District of Texas in cause number SA 77–CA–38, styled *Roberto Bustamante et ux. v. First Federal Savings and Loan Association of San Antonio.*

Rule 166–A(e) of Texas Rules of Civil Procedure requires, among other things, that affidavits in support of a motion for summary judgment and affidavits in opposition to such motion be made on personal knowledge, and that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Tex.R.Civ.P. 166–A(e).

In this case, there is no reference to the judgment in any sworn pleading nor in any of the affidavits. In *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970), a copy of the document relied on was attached to the petition and plaintiff's motion for summary judgment was supported by a statement that the person making the statement had read the petition, and that it was true and correct. The statement was not sworn to but was merely acknowledged. The rendition of summary judgment in favor of the plaintiff was reversed, the Supreme Court pointing out that Rule 166–A(e) should be complied with by attaching a sworn or certified copy of the document to a "proper affidavit."

*Hidalgo v. Surety Savings & Loan Association*, 462 S.W.2d 540 (Tex.1971), clearly states that unless the case is one properly to be decided upon the pleadings, a motion for summary judgment should be supported by its own summary judgment proof as set out in Rule 166–A(e), and not by reference to the pleadings. The policy that supporting proofs should be attached to the motion or affidavits, not to the pleadings, is also clearly announced in *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex. 1962).

█ In this case neither the response to the motion for summary judgment nor the affidavits attached thereto refer to defendant's pleadings or attempt in any way to incorporate such pleadings. Under the authorities referred to in the preceding three paragraphs, the judgment in the prior federal proceeding was not properly before the trial court. *See also, Texas National Corporation v. United Systems International, Inc.*, 493 S.W.2d 738 (Tex.1973); *Armstrong v. Rice*, 556 S.W.2d 620 (Tex.Civ.App.—Texarkana 1977, writ dism'd); *Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894 (Tex.Civ. App.—Amarillo 1975, writ ref'd n. r. e.).

█ Defendant's challenge to the constitutionality of the Texas Consumer Credit Code is without merit. *Crowder v. First Federal Savings and Loan Association of Dallas*, 567 S.W.2d 550 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.); *Anguiano v. Jim Walter Homes, Inc.*, 561 S.W.2d 249 (Tex. Civ.App.—San Antonio 1978, writ ref'd n. r. e.); *Mobile America Sales Corp. v. Rivers*, 556 S.W.2d 378 (Tex.Civ.App.—San Antonio 1977, writ dism'd).

█ Defendant's challenge to that portion of the judgment awarding attorney's fees must be overruled. Plaintiffs presented the testimony of three attorneys, each of whom stated he was familiar with consumer credit litigation. Each of these witnesses testified concerning the value of the services rendered by plaintiffs' counsel. Defendant presented no evidence controverting the testimony of plaintiffs' witnesses. The evidence amply supports the award.

The judgment of the trial court is affirmed.